UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

------------------------------------------------------------

2010 JUL 27 P 2: 01

Chana Hecht

**COMPLAINT**

Plaintiff,

-against-

**3 1 0 C V 1 1 7 0  VLB**

Bureau of Collection Recovery, Inc.

Defendant.

------------------------------------------------------------

## **COMPLAINT**

Plaintiff brings this action for damages arising from the Defendant's violation of §1692 *et seq.* of Title 15 of the United States Code, the Fair Debt Collections Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices. Plaintiff also seeks damages arising from the Defendant's violation of Conn. Gen. Stat. § 42-110a, *et seq.*, the Connecticut Unfair Trade Practices Act (hereinafter "CUTPA"), which proscribes unfair or deceptive acts or practices in the conduct of any trade or commerce.

### **Introduction**

1.     This action seeks redress for the illegal practices of Defendant, concerning the collection of a debt, in violation of the FDCPA, 15 U.S.C. § 1692, *et seq.* and CUTPA, Conn. Gen. Stat. § 42-110a, *et seq.*

### **Jurisdiction and Venue**

2.     This Court has Federal question jurisdiction under 28 U.S.C. § 1331 for the FDCPA claim and supplemental jurisdiction under 28 U.S.C. § 1367 for the CUTPA claim. The claims arise from the same set of facts and transactions.

1

3.      Venue is proper in this District because the acts and transactions that give rise to this action occurred, in substantial part, in this District. Additionally, Plaintiff resides in this District.

4.      Plaintiff is a resident of the State of Connecticut and resides in Fairfield County.

5.      Plaintiff is a "Consumer" as that term is defined by § 1692a(a)(3) of the FDCPA in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

6.      Upon information and belief, Defendant is an active Minnesota company with headquarters located at 7575 Corporate Way, Eden Prairie, Minnesota 55344.

7.      Defendant is regularly engaged in the collection of debts allegedly owed by consumers, using the mails and interstate telephone system to conduct its business.

8.      Defendant is a "Debt Collector" as defined by § 1692a(a)(6) of the FDCPA.

9.      Defendant violated § 1692g(b) of the FDCPA.

10.     Plaintiff was contacted by Defendant regarding two allegedly delinquent accounts sent to their office for collection. In response, within 30 days of the validation notice, Plaintiff sent two written requests to Defendant, one for each account, disputing the matter and seeking verification of the alleged debts and the name and address of the original creditor (Exhibit A), pursuant to her rights under § 1692g. In violation of § 1692g(b), Defendant continued to communicate with Plaintiff and attempted to collect on the debts before providing the Plaintiff with the requested verification or original creditor information.


## AS AND FOR A FIRST CAUSE OF ACTION

11.     Plaintiff re-alleges and incorporates herein by reference, all the foregoing paragraphs as if set forth fully herein.

12.    Upon information and belief, the Defendant continued to contact Plaintiff in an attempt to collect the alleged debts after Plaintiff's December 10, 2009 dispute letter. Defendant did not provide Plaintiff with verification before continuing communication with her, including but not limited to, numerous telephone calls throughout the month of January 2010.

13.    Written and oral communications in connection with the collection of a consumer debt, such as those sent by Defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

14.    § 1692g requires debt collectors to send consumers a notice of their rights to dispute and validate alleged debts. Such rights include the following relevant subsections:

**§ 1692g(a) – Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall...send the consumer a written notice containing:**

**(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**

**(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and**

**(5) a statement that, upon the consumer's written request within the thirty-day period,   the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.**

15.     § 1692g(b) specifically addresses the subsequent conduct of a debt collector when a

consumer notifies them of a dispute:

**§ 1692g(b) –**

**If the consumer notifies the debt collector in writing within the thirty-day period**

**described in subsection (a) that the debt, or any portion thereof, is disputed, or that**

**the consumer requests the name and address of the original creditor, the debt**

**collector shall cease collection of the debt, or any disputed portion thereof, until the**

**debt collector obtains verification of the debt or any copy of a judgment, or the**

**name and address of the original creditor, and a copy of such verification or**

**judgment, or name and address of the original creditor, is mailed to the consumer**

**by the debt collector. Collection activities and communications that do not otherwise**

**violate this title may continue during the 30-day period referred to in subsection (a)**

**unless the consumer has notified the debt collector in writing that the debt, or any**

**portion of the debt, is disputed or that the consumer requests the name and address**

**of the original creditor. Any collection activities and communication during the 30-**

**day period may not overshadow or be inconsistent with the disclosure of the**

**consumer's right to dispute the debt or request the name and address of the original**

**creditor.**

16.     Defendant violated § 1692g(b) by continuing to attempt to collect debts from Plaintiff

after she had provided them with a written dispute and before they had given her verification and

original creditor information as required by statute.

4

## AS AND FOR A SECOND CAUSE OF ACTION

17.     Plaintiff re-alleges and incorporates all the foregoing paragraphs as if set forth fully

herein.

18.     Defendant's conduct consists of unfair or deceptive acts or practices within the meaning

of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. 42-110a *et seq.*

        **WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment as

follows:

        a)      Awarding Plaintiff statutory damages;

        b)      Awarding Plaintiff the costs of this action, including reasonable attorneys' fees

and expenses; and

        c)      Awarding Plaintiff such other relief as the Court may deem just and proper.

Dated: Cedarhurst, New York
       July 22, 2010

Plaintiff requests trial by jury on all issues so triable.

Lawrence Katz
445 Central Avenue Suite 201
Cedarhurst, New York 11516
Telephone (516) 374-2118
Facsimile (516) 706-2404

# EXHIBIT A



# Chana Hecht
# Norwalk, CT

Bureau Of Collection Recovery LLC
PO Box 9001
Minnetonka, MN 55345-9001                                   December 10, 2009

**Re: Account Number** ████████1993

Dear Sir or Madam:

Please be advised pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.*,
Bureau Of Collection Recovery LLC is directed to:

      1.        Provide me with verification of the purported debt.

      2.        Provide me with the name and address of the original creditor.

      3.        Until advised otherwise, you should mark this matter as **"disputed."**

Chana Hecht



# Chana Hecht

# Norwalk, CT

Bureau Of Collection Recovery LLC
PO Box 9001
Minnetonka, MN 55345-9001                                    December 10, 2009

**Re: Account Number** ██████7219

Dear Sir or Madam:

Please be advised pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.*,
Bureau Of Collection Recovery LLC is directed to:

1.       Provide me with verification of the purported debt.

2.       Provide me with the name and address of the original creditor.

3.       Until advised otherwise, you should mark this matter as **"disputed."**

Chana Hecht